# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**CHRISTOPHER M. MANION**                                                                 **PLAINTIFF**

**V.**                          **Case No. 4:16-CV-00772-JM-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                                          **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Either party may file written objections to all or part of this Recommendation. Objections must specifically explain the factual and/or legal basis for the objection. To be considered, objections must be received by the Clerk of Court within fourteen (14) days of this Recommendation. By not objecting, parties may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Christopher Manion applied for social security disability benefits with an alleged onset date of August 30, 2010. (R. at 55). After a hearing, the administrative law judge (ALJ) denied Mr. Manion's application. (R. at 21). The Appeals Council denied his request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Mr. Manion has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

## I. The Commissioner's Decision

The ALJ found that Mr. Manion's severe impairments included right ankle pain, carpal tunnel surgery in his right wrist, back pain, neck pain, knee pain, and neuropathy. (R. at 14). The ALJ found that Mr. Manion had the residual functional capacity (RFC), however, to perform sedentary work, except that he could only occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. (R. at 15). The RFC would not allow Mr. Manion to return to any past relevant work. (R. at 20). At the hearing, a vocational expert (VE) testified that a person of Mr. Manion's age, education, work experience, and RFC could perform the job of assembler. (R. 21). Based on this testimony, the ALJ found that Mr. Manion was not disabled. (R. at 21).

## II. Discussion

Mr. Manion argues that the ALJ failed to properly weigh the opinions of his treating physician; failed to include manipulative limitations related to his carpal tunnel syndrome; failed to perform a proper function-by-function analysis; and failed to properly assess credibility. Because the ALJ failed to perform a proper function-by-function analysis, it is not necessary to reach Mr. Manion's other arguments.

The task of the Court is to determine whether substantial evidence supports the Commissioner's findings. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In performing its analysis, the Court must consider evidence that supports the Commissioner's findings and also evidence that detracts from the decision.

*Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). Even so, the Court cannot reverse the Commissioner's decision merely because substantial evidence would support a contrary conclusion.

When assessing a claimant's RFC, an ALJ must not describe the claimant's abilities in general terms. Instead, the ALJ must make specific findings concerning the individual's ability to sit, stand, or walk. *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). In *Depover*, the court affirmed because the ALJ's opinion—despite not including specific limitations related to sitting, standing, and walking—contained specific findings indicating that the ALJ found no limitations in those areas. *Id.* Additionally, the ALJ's decision indicated that those functions had not been overlooked. *Id.*

In this case, it is not clear what limitations the ALJ would assign to Mr. Manion's ability to sit, stand, or walk. As Mr. Manion observes, 20 C.F.R. § 404.1567(a), which the ALJ referenced, does not indicate exactly how much sitting or standing is required for sedentary work. The ALJ acknowledged that Mr. Manion's treating physician opined that Mr. Manion was limited to three hours each of sitting and standing/walking in an eight-hour day. (R. at 19). The ALJ gave "some weight" to that opinion "insofar as it is consistent with the residual functional capacity." (R. at 19). It is not clear, however, whether the ALJ adopted any limitations on sitting, standing, or walking. The Commissioner cites *Depover* to excuse this omission, but in *Depover* the claimant's surgeon had released him to work with limitations that were reflected in the RFC. 349 F.3d at 567. Furthermore, the ALJ found that Mr. Manion's right ankle pain, back pain,

knee pain, and neuropathy were severe impairments. These impairments could potentially affect Mr. Manion's ability to sit, stand, or walk. (R. at 14).

SSR 96-8p requires the ALJ to express the RFC in these functional terms in order to ensure that a claimant can perform the requirements of work at particular exertional levels. In this case, there is evidence of limitations in those areas, and the limitation of the RFC to sedentary work certainly indicates that the ALJ believed Mr. Manion to have some limitations at least related to standing and walking, and those limitations must be set out. The RFC determination lacks the necessary specificity in this instance.

## III. Recommended Disposition

The ALJ failed to perform a proper function-by-function analysis in determining Mr. Manion's RFC. For this reason, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to perform a full function-by-function analysis in compliance with SSR 96-8p.

Dated this 28th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE